UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AUDWIN EZELL, | ) | CASE NO. 1:11 CV 1556 |
| Petitioner, | ) ) | JUDGE JAMES G. CARR |
| v. | ) ) | OPINION AND ORDER |
| MARGARET BEIGHTLER, | ) ) | |
| Respondent. | ) | |

On July 28, 2011, Petitioner *pro se* Audwin Ezell, an inmate at the Marion Correctional Institution, filed the above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petition and attachments (collectively "the Petition") indicate Ezell challenges his convictions, pursuant to a December 4, 2007 guilty plea, for drug possession with a gun specification. For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, Petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

According to the Petition, which raises five grounds for relief, Ezell sought leave to file a

delayed direct appeal to the Ohio Court of Appeals in 2009, which was denied as untimely on January 6, 2010. The Petition further reflects that he also filed a postconviction motion to vacate, which was also denied. There is no suggestion Ezell filed an appeal from the denial of the motion to vacate. Thus, Petitioner was and is procedurally barred from raising and exhausting his claims in the state court.

If a procedural bar in the state court exists, this Court will not consider the claims unless Petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to his case. *Coleman v. Thompson*, 501 U.S. 722, 750 (1990); *see also*, *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (pro se status and ignorance of his rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the Petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b)

IT IS SO ORDERED.


S/ JAMES G. CARR
SR. UNITED STATES DISTRICT JUDGE